IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMON V. HOLLINS,

        Plaintiff,

v.

LT. WALLER, C.O. OLIG, C.O. SWINGEN,
C.O. STANDISH, and J. MUENCHOW,

        Defendants.

ORDER

17-cv-757-jdp

---

      Plaintiff Emon V. Hollins, appearing pro se, alleges that defendant prison officials violated his rights by keeping him in an unsanitary cell smelling strongly of feces and urine. Defendants have filed a motion to stay the case pending defendant Todd Olig's return from active duty in the Army National Guard. Dkt. 28. They have attached a declaration from a Department of Corrections human resources employee stating that Olig's deployment will prevent him from participating in the case. Dkt. 29. Hollins opposed the request, stating that counsel has been able to litigate the action thus far, and it appears that Olig would be back in time for the May 2019 trial. Dkt. 32.[1]

      Defendants do not cite any authority for their motion. Perhaps they are making it under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*, but there are relatively stringent requirements that the defendant must fulfill before I am required to stay the case under the act.

---

[1] Hollins followed with a letter stating that the Waupun Correctional Institution librarian did not submit his brief opposing the motion. But this court received it on December 13, the same day Hollins dated his brief.

50 U.S.C. § 3932(b)(2) states:

> An application for a stay under paragraph (1) shall include the following:
>
> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Defendants' current motion does not meet this standard.

Alternatively, I retain the inherent authority to manage the schedules in litigation before me. But defendants have waited until only a couple of weeks before dispositive motions are due to raise this problem, and they do not explain how Olig's presence is necessary to file a summary judgment motion, prepare pretrial materials, or respond to discovery. Hollins says that defendants have responded to all of his discovery requests.

I will give defendants a short time to supplement their motion if they so choose. If they do not, I will deny the motion and the case will continue on its current schedule.

ORDER

IT IS ORDERED that defendants may have until January 2, 2019, to respond to this order.

Entered December 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge