IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMON V. HOLLINS,

            Plaintiff,

v.                                                      ORDER

LT. WALLER, C.O. OLIG, C.O. SWINGEN,          17-cv-757-jdp
C.O. STANDISH, and J. MUENCHOW,

            Defendants.

---

Plaintiff Emon V. Hollins, appearing pro se, alleges that defendant prison officials violated his rights by keeping him in an unsanitary cell smelling strongly of feces and urine. Defendants filed a motion to stay the case pending defendant Todd Olig's return from active duty in the Army National Guard. Dkt. 28. Hollins opposed the request, stating that counsel had been able to litigate the action thus far, and that it appeared that Olig would be back in time for the May 2019 trial. Dkt. 32. I concluded that defendants' motion did not satisfy the relatively stringent standards for a stay under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*, such as including correspondence from Olig's commanding officer stating that he would be unavailable. *See* Dkt. 34. I also stated that although I retained the authority to manage the schedule, defendants waited until only a couple of weeks before dispositive motions were due to raise this problem, and they did not explain how Olig's presence was necessary to file a summary judgment motion, prepare pretrial materials, or respond to discovery. *Id.*

I gave defendants a chance to supplement their motion, which they have done. They explain that Olig's deployment security clearance is "secret" and that counsel has no way to contact Olig. They also state that they did not know about Olig's March 2018 deployment

until November 2018, and prior to then they did not need Olig's participation to conduct the litigation of the case.

Hollins continues to oppose the motion, stating that it is Olig's fault that he has not kept in touch with his attorney and that in any event, the other defendants do not need Olig's participation to defend themselves. *See* Dkt. 37. But defendants persuasively state that Olig's recollection of the events is one piece of defendants' joint defense. Out of respect for Olig's service, I will not force counsel to represent him or his fellow defendants without the benefit of Olig's testimony. Hollins's claims are not about ongoing harm, so he will be only minimally prejudiced by a short delay. I will grant defendants' motion to stay the case.

Defendants say that Olig's assignment ends on April 29, 2019, and that under Wisconsin law he is entitled to take four weeks of leave upon his return. Whether he will in fact take leave is an open question. I will require defendants to update the court about Olig's availability within a short time after his projected April return. The court will set a scheduling conference after Olig's return.

ORDER

IT IS ORDERED that:

1. Defendants' motion to stay the case, Dkt. 28, is GRANTED.

2. Defendants may have until May 6, 2019, to inform the court about defendant Olig's availability to litigate the reminder of the case.

Entered January 7, 2019.

BY THE COURT:
/s/

_____

JAMES D. PETERSON
District Judge